IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAYNE E. TODD,<br><br>    Plaintiff,<br><br>v.<br><br>MARIA PETERSON, et al.,<br><br>    Defendants. | **ORDER AND MEMORANDUM DECISION TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:23-cv-502-TC<br><br>Judge Tena Campbell |

  Plaintiff Shayne E. Todd, who is a self-represented inmate, brings this civil rights action under 42 U.S.C. § 1983.[1] The court has screened Mr. Todd's Complaint (ECF No. 6) under its statutory review function. See 28 U.S.C. § 1915A.[2] The court now orders Mr. Todd to file an Amended Complaint to cure the Complaint's deficiencies before further pursuing his claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

## COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning specific issues. The Complaint:

(a) alleges conspiracy claims that are too vague.

(b) improperly alleges civil rights violations on a respondeat superior theory.

(c) does not properly affirmatively link each specific civil rights violation to each named defendant.

(d) needs clarification about what constitutes a cause of action under the Americans with Disabilities Act (ADA), see 42 U.S.C. §§ 12101–12213.

(e) does not appear to recognize that the Defendants' alleged failures to follow promises, jail policy, state statutes, or ethics rules do not necessarily equal federal constitutional violations. See, e.g., Williams v. Miller, 696 F. App'x 862, 870 (10th Cir. 2017) ("Merely showing that [defendants] may have violated prison policy is not enough [to demonstrate a constitutional violation]." (citations omitted)); Porro v. Barnes, 624 F.3d 1322, 1329 (10th Cir. 2010) (stating plaintiff never sought "to explain how or why the violation of the … [prison] policy … necessarily demonstrates" his constitutional rights were breached and "[i]t is his burden to establish that the Constitution, not just a policy, is implicated"); Hostetler v. Green, 323 F. App'x 653, 657–58 (10th Cir. 2009) (noting defendant's mere violation of prison regulation does not equate to constitutional violation); Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

(f) does not adequately link each element of claims of improper medical and physical treatment to specific named defendant(s).

(g) does not adequately link each element of a retaliation claim to specific named defendant(s).

(h) raises issues of classification change/programming in way that does not support a cause of action.

(i) does not adequately link each element of an equal protection claim to specific named defendant(s). See Hale v. Fed. Bureau of Prisons, 759 F. App'x 741, 752 (10th Cir. 2019) (explaining that, to state an equal protection claim, plaintiff must allege facts showing (a) prison

---

(2) seeks monetary relief from a defendant who is immune from such relief.

officials treated him differently from similarly situated inmates and (b) disparate treatment was not reasonably related to penological interests).

(j) does not adequately link each element of a due process claim to specific named defendant(s).  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." (cleaned up)).

(k) inappropriately alleges a constitutional right to a grievance process.  See Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011) ("[T]here is no independent constitutional right to state administrative grievance procedures.  Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process."); Dixon v. Bishop, No. CV TDC-19-740, 2020 U.S. Dist. LEXIS 41678, at *20 (D. Md. Mar. 11, 2020) ("[P]risons do not create a liberty interest protected by the Due Process Clause when they adopt administrative mechanisms for hearing and deciding inmate complaints[;] any failure to abide by the administrative remedy procedure or to process [grievances] in a certain way does not create a constitutional claim.").

(l) alleges "random and unauthorized deprivation of property under color of state law," without considering that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy."  See Frazier v Flores, No. 13-1535, 2014 U.S. App. LEXIS 12936, at *4 (10th Cir. July 9, 2014) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).

(m) needs clarification regarding the difference between the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).  See Crane v. Utah Dep't of Corr., 15 F.4th 1296, 1312–13 (10th Cir. 2021) (stating claims are typically evaluated identically under ADA and RA except for different causation standards between them—i.e., ADA "prohibits discriminating against qualified individuals 'by reason of such disability,' 42 U.S.C. § 12132," while RA "prohibits discriminating against qualified individuals 'solely by reason of [their] disability,' 29 U.S.C. § 794(a)").

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

### A. General Considerations

Plaintiff should consider these general points before filing an amended complaint:

(i) The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear

exactly <u>who</u> is alleged to have done <u>what</u> to <u>whom</u>.'" <u>Stone v. Albert</u>, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately.  Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.  <u>Robbins</u>, 519 F.3d at 1248 ("The [<u>Bell Atlantic Corp. v.</u>] <u>Twombly</u> Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007).  Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.'  <u>Id.</u>").

(v) Plaintiff may not name an individual as a defendant based solely on that individual's supervisory position.  See <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

(vi) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  But Plaintiff need not include grievance details in his complaint.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants.  <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).

5

### B. Conspiracy

To state a claim for conspiracy, Plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'" Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility in the current complaint. Vague assertions that multiple people were involved in effecting breaches of civil rights, and, therefore, a conspiracy must be involved, are not enough. Plaintiff must assert more detail to pursue this claim further.

### C. Respondeat Superior

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See id. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### D. Affirmative link

A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal participation requirement:

> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. [Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018).] Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

Estate of Roemer v. Johnson, 764 F. App'x 784, 790-91 (10th Cir. 2019) (footnote omitted).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." Id. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." Id.

### E. ADA

Plaintiff should consider this information regarding the ADA:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.

7

Ingram v. Clements, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting J.V. v. Albuquerque Pub. Sch., 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)). Further:

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." J.V., 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to provide 'meaningful access' to their programs and services." Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185, 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" Id. (quoting 28 C.F.R. § 35.130(b)(7)).

Villa v. Dep't of Corrs., 664 Fed. App'x 731, 734 (10th Cir. 2016).

Finally, Plaintiff may not sue any defendant in an individual capacity under ADA. Watson v. Utah Highway Patrol, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at * 6 (D. Utah 2019).

> "Only public entities are subject to Title II." City and Cnty. of San Francisco v. Sheehan, 575 U.S. 600 (2015). The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 744 (10th Cir. 1999)[.]

Watson, 2019 U.S. Dist. LEXIS 234094, at *6–7.

### F. Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate … medical care." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions sufficiently harmful to

8

evidence deliberate indifference to serious medical needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious … if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock, 218 F.3d at 1209 (cleaned up).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." Sparks v. Singh, 690 F. App'x 598, 604 (10th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999); see also Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

The elements of a cause of action for other physical mistreatment are similar.

9

### G. Retaliation Claim

To properly assert a retaliation claim, Plaintiff must allege facts supporting three elements: (1) Plaintiff was involved in "constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007).

### H. Classification

An inmate's transfer to different housing does not necessarily mean that prison administrators were deliberately indifferent to conditions with substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Allen v. Raemisch, 603 F. App'x 682, 684 (10th Cir. 2015) ("[P]risoners do not have a protected liberty or property interest in keeping a specific prison job …."). Nor is it, per se, "'atypical [of] … the ordinary incidents of prison life ….'" Adams v. Negron, 94 F. App'x 676, 678 (10th Cir. 2004) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)) (holding placement in highly structured, restrictive prison housing does not constitute deliberate indifference). Rather, "[a]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983).

# ORDER

It is HEREBY ORDERED as follows:

1. Within **thirty days**, Plaintiff must within cure the complaint's deficiencies noted above by filing a document titled "Amended Complaint" that does not refer to or include any other document.

2. The Clerk of Court shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil rights complaint, which Plaintiff must use if he wishes to pursue his potential claims further.

3. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

4. The Amended Complaint shall not include any claims (a) occurring past the date of the Complaint, filed January 24, 2022; and (b) outside the allegations of transactions and events contained in the Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

5. Plaintiff must tell the court of any address change and comply in a timely manner with court orders. See D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any

dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6. Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7. No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

8. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

DATED this 10th day of May, 2024.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge