IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHAYNE E. TODD,<br><br>    Plaintiff,<br><br>v.<br><br>MARIA PETERSON, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Case No. 2:23-cv-00502-TC<br><br>Judge Tena Campbell |

  Plaintiff Shayne E. Todd, who is a self-represented inmate at the Utah State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983.  The court ordered Mr. Todd to cure the deficiencies the court found after screening his original Complaint.  (See Mem. Decision & Order, May 10, 2024, ECF No. 9.)  In that Order, the court provided specific guidance and granted Mr. Todd leave to file an Amended Complaint that corrected the deficiencies that the court found.  (Id.)

  Mr. Todd filed his Amended Complaint on June 14, 2024.  (ECF No. 10.)  The Amended Complaint retains many of the flaws contained in Mr. Todd's original Complaint.  It names the same Utah Department of Corrections defendants (in their individual capacities): Matt Anderson, administrative services director; Maria Peterson, correctional industries director; Robert Powell, warden; and Jeff Tanner, correctional industries productive manager.  It also contains similar claims to those found in the original Complaint—namely, that around October 2021, Mr. Todd was denied "a reasonable accommodation for a work related knee injury while working" for the correctional industries program.  (ECF No. 10 at 5.)  He asserts this denial violated his rights

under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment.

Having thoroughly screened and liberally construed[1] the Amended Complaint under the court's statutory review function,[2] the court dismisses this action.

## LEGAL STANDARD

When assessing a complaint for failure to state a claim upon which relief may be granted, the court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff. Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). But the factual allegations in a complaint must raise a plausible right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And while the court

---

[1] The court recognizes that Mr. Todd proceeds pro se and therefore construes these pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in the Plaintiff's use of legal terminology and proper English. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se status does not excuse the Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law. Regarding these mandates, the court will treat the Plaintiff with the same standards applicable to counsel licensed to practice law before this court's bar. See McNeil v. United States, 508 U.S. 106, 113 (1993); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

accepts well-pleaded factual allegations as true at this stage, the court considers "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional … claim" as "conclusory and not entitled to" an assumption of truth.  Id. at 681 (quoting Twombly, 550 U.S. at 554–55).

In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Red Hawk, 493 F.3d at 1177.  Also, the plaintiff must plead facts, not conclusions: "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" including where "a legal conclusion [is] couched as a factual allegation."  Ashcroft, 556 U.S. at 678 (cleaned up).

## ANALYSIS

The facts stated in each of the following sections are taken from the allegations in the Amended Complaint, viewed in a light most favorable to Mr. Todd, and taken as true for the purposes of this Order only.

### I.     ADA Claim

Mr. Todd references "Defendant's [sic], Jeff Tanner, Maria Peterson, Matt Anderson, and Robert Powell's, duty and responsibilities, for providing a reasonable accommodation over plaintiff's knee-injury and known disability in compliance with the Americans with Disabilities Act."  (ECF No. 10 at 6–7.)

But the court previously warned Mr. Todd that officials in their individual capacity were not liable under the ADA:

> Finally, Plaintiff may not sue any defendant in an individual capacity under ADA. <u>Watson v. Utah Highway Patrol</u>, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at * 6 (D. Utah 2019).
>
>> "Only public entities are subject to Title II." <u>City and Cnty. of San Francisco v. Sheehan</u>, 575 U.S. 600 (2015). The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." <u>Butler v. City of Prairie Vill., Kan.</u>, 172 F.3d 736, 744 (10th Cir. 1999)[.]
>
> <u>Watson</u>, 2019 U.S. Dist. LEXIS 234094, at *6–7.

(ECF No. 9 at 7–8.)

Despite this warning, the Amended Complaint states that Mr. Todd sues the Defendants in their individual capacities only. (ECF No 10 at 2–3.) Mr. Todd's ADA claims are therefore dismissed.

## II. Remaining Claims Lack Adequate Allegations of Personal Participation and Factual Support

In the Amended Complaint, Mr. Todd frequently makes allegations referring to "Defendant's" as a group. For instance, Mr. Todd "alleges cruel and unusual punishment, under the Eighth Amendment[,] based on Defendant's 'deliberate indifference' to continue to employ without accommodations such as light duty." (<u>Id.</u> at 8.) Mr. Todd further asserts: "Defendant's used and continues to use a policy, custom, or practice impact, and caused Plaintiff Todd pain, suffering, and injury, and emotional distress in not providing 'meaningful access' to their programs and services …." (<u>Id.</u> at 9.) And he states: "Defendant's actions violated and continues to violate Plaintiff's rights under injury to his First, Eighth and 14th Amendment's to the United States Constitution." (<u>Id.</u>) Finally, concerning the allegations relevant here, Mr. Todd contends: "The defendant's have known about the violations noted herein, but have failed to correct them, thereby exhibiting deliberate indifference to his rights, and equal protection in

4

fundamental fairness of due process to make a reasonable accommodation, allowing him to work, over his injury under (A.D.A., 8th, 14th Amendments)." (Id. at 10.)

In its previous Order, the court cautioned Mr. Todd that a defendant must have personally participated in the alleged violation:

> A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal participation requirement:
>
>> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. [Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018).] Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").
>
> Estate of Roemer v. Johnson, 764 F. App'x 784, 790–91 (10th Cir. 2019) (footnote omitted).
>
> "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." Id. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." Id.

(ECF No. 9 at 7.)

Mr. Todd's spare and conclusory allegations against the "Defendant's" do not meet this requirement. Aside from his ADA claims, which the court dismisses, none of his claims is

5

linked to an individual defendant.  Mr. Todd has therefore not heeded the court's direction "to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim." (ECF No. 9 at 5 (quoting Robbins, 519 F.3d at 1248).)

Moreover, Mr. Todd's terse assertions of First Amendment,[3] Eighth Amendment, due process, and equal protection violations,[4] do not "give the court reason to believe this plaintiff

---

[3] The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.  The court can identify no allegations in the Amended Complaint that hint at the basis for a First Amendment claim.

[4] The court provided guidance concerning each of these claims in its previous Order. Concerning the Eighth Amendment, the court stated as follows:

> The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate … medical care." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)).  To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).
>
> Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?"  And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" Wilson v. Seiter, 501 U.S. 294, 298 (1991).
>
> Under the objective prong, a medical need is "sufficiently serious … if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock, 218 F.3d at 1209 (cleaned up).
>
> The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." Sparks v. Singh, 690 F. App'x 598, 604 (10th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 105–06 (1976)).  Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of

has a reasonable likelihood of mustering factual support for these claims." Red Hawk, 493 F.3d at 1177. The Amended Complaint contains no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678. Without specifying any individual defendant's actions, Mr. Todd fails to provide crucial links between any one defendant and any one allegation or element of unconstitutional treatment. And he does not provide factual details that build toward the support needed for each element of separate causes of action. As noted above, the court is not required to accept as true a "legal conclusion couched as a factual allegation." Id. (cleaned up).

For these reasons, the court finds that Mr. Todd has not linked the elements of each remaining cause of action to any specific defendant—despite the court's instructions about the appropriate pleading requirements and the court's warning that such omissions would require

---

treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999); see also Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

The elements of a cause of action for other physical mistreatment are similar. (ECF No. 9 at 8–9.)

Concerning a due process claim, the court stated that the Complaint did "not adequately link each element of a due process claim to specific named defendant(s)." (ECF No. 9 at 3 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." (cleaned up))).)

And concerning an equal protection claim, the court stated that the Complaint did "not adequately link each element of an equal protection claim to specific named defendant(s)." (ECF No. 9 at 2–3 (citing Hale v. Fed. Bureau of Prisons, 759 F. App'x 741, 752 (10th Cir. 2019) (explaining that, to state an equal protection claim, plaintiff must allege facts showing (a) prison officials treated him differently from similarly situated inmates and (b) disparate treatment was not reasonably related to penological interests)).)

dismissal.  (ECF No. 9 at 7.)  Mr. Todd's loose articulation of his allegations fails to "isolate the allegedly unconstitutional acts of each defendant" and therefore gives insufficient notice of "the nature of the claims against each" defendant.  <u>Robbins</u>, 519 F.3d at 1250.

## ORDER

The court hereby ORDERS that the Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).  Two iterations of the complaint have not resulted in an adequate pleading despite the court's guidance.  The court therefore finds that further opportunity to amend would not lead to a different result.  The court directs the Clerk of Court to close this action.

DATED this 2nd day of February, 2026.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge